(No. 4239

CARL PALMER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1950.*

GARRISON AND CRANDALL, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

On March 24, 1949, the claimant, Carl Palmer, employed by the respondent in the Department of Public Works and Buildings, Division of Highways, as a laborer, was assigned to remove brush and other vegetation from the right of way of U. S. Route 24, northwest of Rushville in Schuyler County. While chopping down a mulberry bush, the claimant misjudged the force necessary to chop off a branch. The axe carried through the brush and struck his left foot, severing a portion of the left great toe longitudinally.

Dr. Hugh Cooper, a specialist in diseases of the bones and joints, made the following report to the Division of Highways:

"Carl Palmer was taken to surgery and a split-thickness skin graft taken from the thigh and used to cover the denuded area on his great toe. About one-third of the great toe was removed, the line going the full length of the toe and going into the metatar-sophalangeal joint. He came to me with a large denuded area exposing the bones of the toe and the head of the first metatarsal. I believe it would amount to probably 60 per cent permanent loss of function of the great toe."

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

Claimant was temporarily totally disabled as a result of the injury from March 25, 1949, to September 26, 1949, inclusive. Compensation at the rate of $18.00 a week and in the aggregate amount of $478.27 was paid by respondent to claimant, so that claimant has been

fully compensated for his temporary total disability. Medical and hospital expenses, in the amount of $407.14, have also been fully paid by the respondent.

Claimant, however, has sustained a sixty per cent loss of the use of his left great toe. At the time of the injury he had been employed by the respondent for a short time at a wage rate of $7.20 per day. He had no minor children dependent upon him for support. Employees engaged in a similar capacity worked less than two hundred days per year. Claimant's compensation rate, based on annual earnings of $1,440.00 is, therefore, $18.00 per week. For a sixty per cent permanent loss of use of his left great toe he is entitled to $18.00 a week for a period of 21 weeks, or the total sum of $378.00.

The record discloses that Mary L. Houser has submitted a statement of $6.80 for taking and transcribing the testimony before Commissioner Summers. This charge is fair and reasonable.

An award is, therefore, made in favor of the claimant, Carl Palmer, in the amount of $378.00, which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."

An award is also entered in favor of Mary L. Houser in the amount of $6.80 for taking and transcribing the testimony before Commissioner Summers, payable forthwith.